**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RAMANDEEP SINGH,

     Petitioner,

v.

                                         Case No. 1:26-cv-02190-MIS-GJF

TODD BLANCHE, in his official capacity as
Attorney General of the United States;
MARKWAYNE MULLIN, in his official
capacity as Secretary of the U.S. Department
of Homeland Security; DAVID
VENTURELLA, in his official capacity as
Acting Director of U.S. Immigration and
Customs Enforcement; MARY DE ANDA-
YBARRA, in her official capacity as Field
Office Director of the ICE El Paso Field
Office of Enforcement and Removal
Operations, U.S. Immigration and Customs
Enforcement; and WARDEN of the Torrance
County Detention Center,

     Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS MATTER** is before the Court on Petitioner Ramandeep Singh's Petition for Writ of

Habeas Corpus ("Petition"), ECF No. 1, filed July 7, 2026. The Court issued the applicable Order

to Show Cause ("Order"), ECF No. 4, on July 21, 2026, in which Respondents were instructed

they had 10 business days to Show Cause as to why Petitioner's request for relief should not be

granted.

On August 4, 2026, the Federal Respondents, David Venturella, Mary De Anda-Ybarra,

Markwayne Mullin, and Todd Blanche filed a Response ("Response"), ECF No. 6. Therein,

counsel for Respondents argue that 8 U.S.C. §1225(b) should govern detention of individuals such

as Petitioner; however, Respondents concede that the Tenth Circuit explicitly recently reached the opposite conclusion in Santillan Quiroz v. Mullin, No. 26-6019, 2026 WL 1876709, (10th Cir. June 30, 2026), and acknowledge that ruling is binding on this Court. Resp. at 2. Further, Respondents also concede that the facts at issue in the instant case are "not materially distinguishable from" Santillan Quiroz, id. at 3.

Pursuant to Santillan Quiroz, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief.  The Court, noting Petitioner's consistent compliance with all previous immigration reporting obligations, his lack of criminal record, and Respondents previous decision to release Petitioner on his own recognizance into the interior of the U.S. in 2023, Pet. ¶¶ 9-11, further finds that Respondents have failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk.

Accordingly, it is **HEREBY ORDERED** that:

1. Petitioner Ramandeep Singh's Petition for a Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner from detention;

3. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a).

4.    The Court will separately enter Final Judgment in favor of Petitioner but retain

jurisdiction over this matter to ensure compliance with this Order and to entertain

any motions for attorneys' fees.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE